**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **CROWN FINANCIAL, LLC**<br>*Plaintiff,*<br>vs.<br>**BRADFORD A. DEAN, JOHN S. DEAN, GLENN A. SCOTT, JEFFREY D. KING, THOMAS MELUCCI, RICHARD L. BREADY and DEAN WAREHOUSING SERVICES, INC.**<br>*Defendants.* | **C.A. NO.: 2005-293-T** |

## ANSWER AND COUNTERCLAIM

**NOW COMES**, the Defendants, Bradford A. Dean and Dean Warehousing Services, Inc. (hereinafter the "Defendants") and hereby answer the Plaintiff, Crown Financial, LLC's (the "Plaintiff's") Amended Complaint and assert the below Counterclaims as follows:

### ***Parties***

1. Defendants neither admit nor deny the allegations contained in paragraph (1) one of the Plaintiff's Amended Complaint.

2. Defendants hereby admit the allegations contained in paragraph (2) two of the Plaintiff's Amended Complaint as to Bradford A. Dean ("Dean") and Dean Warehousing Services, Inc. ("DWS"). Defendant Dean is a resident of the State of Rhode Island and is a former shareholder of Dean Transportation Services, Inc. ("DTS"), which has an address of 155 Amaral Street, East Providence, Rhode Island. DWS is a registered corporation in the State of Rhode Island.

## ***Jurisdiction***

3. The allegations set forth in paragraph (3) three of the Plaintiff's Amended Complaint are legal conclusions, which the Defendants can neither admit nor deny and as such leaves the Plaintiff to its proof.

## ***COUNT I***

4. Defendants admit the allegations set forth in paragraph (4) four of the Plaintiff's Amended Complaint; Defendants assert that the "Agreement" speaks for itself.

5. Defendants hereby deny the allegations contained in paragraph (5) five of the Plaintiff's Amended Complaint.

6. Defendants hereby deny the allegations contained in paragraph (6) six of the Plaintiff's Amended Complaint.

7. Defendants hereby deny the allegations contained in paragraph (7) seven of the Plaintiff's Amended Complaint.

## ***COUNT II***

8. Defendants repeat and reallege the admissions, denials and averments set forth in paragraphs 1 through 7 above.

9. Defendants hereby deny the allegations contained in paragraph (9) nine of the Plaintiff's Amended Complaint.

## ***COUNT III***

10. Defendants repeat and reallege the admissions, denials and averments set forth in paragraphs 1 through 9 above.

11. Defendants hereby deny the allegations contained in paragraph (11) eleven of the Plaintiff's Amended Complaint.

***COUNT IV***

12. Defendants repeat and reallege the admissions, denials and averments set forth in paragraphs 1 through 11 above.

13. Defendants hereby deny the allegations contained in paragraph (13) thirteen of the Plaintiff's Amended Complaint.

14. The allegations set forth in paragraph (14) fourteen of the Plaintiff's Amended Complaint are legal conclusions, which the Defendants can neither admit nor deny and as such leaves the Plaintiff to its proof.

15. Defendants hereby deny the allegations contained in paragraph (15) fifteen of the Plaintiff's Amended Complaint.

16. Defendants hereby deny the allegations contained in paragraph (16) sixteen of the Plaintiff's Amended Complaint.

**WHEREFORE,** Defendants request that all of the Plaintiff's claims asserted against Defendants be dismissed and that Defendants be awarded their attorneys' fees and costs incurred in connection with defending this action together with such other relief as this Court deems just and equitable including the following:

1. Defendants request that Plaintiff's claim for damages in the sum of actual damages exceeding $108,000.00 from each individual be dismissed;
2. Defendants request that Plaintiff's claim for damages against Bradford A. Dean and DWS as to Counts III and IV plus costs of action, interest and attorneys' fees be dismissed.

## ***AFFIRMATIVE DEFENSES***

### **First Affirmative Defense**

Defendants affirmatively plead that the Amended Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

Defendants affirmatively plead doctrine of waiver.

### **Third Affirmative Defense**

Defendants affirmatively plead doctrine of estoppel.

### **Fourth Affirmative Defense**

Defendants affirmatively plead accord and satisfaction.

### **Fifth Affirmative Defense**

Defendants affirmatively plead that the Amended Complaint is barred by the equitable doctrine of unclean hands.

### **Sixth Affirmative Defense**

Defendants affirmatively plead that the Amended Complaint is barred by the Statute of Frauds.

### **Seventh Affirmative Defense**

Defendants affirmatively plead that the Amended Complaint is barred due to rescission and/or revocation.

### **Eighth Affirmative Defense**

Defendants affirmatively plead that the Amended Complaint is barred as a result of an offset and lack of consideration.

**Ninth Affirmative Defense**

Defendants affirmatively plead that the Amended Complaint is barred by the Statute of Limitations and the Statute of Limitations has expired.

**Tenth Affirmative Defense**

Defendants affirmatively plead the defense of unjust enrichment.

**Eleventh Affirmative Defense**

Defendants affirmatively plead that the Plaintiff neglected to and/or refused to mitigate damages.

**Twelfth Affirmative Defense**

Defendants affirmatively plead that there is not now, nor has there previously been a binding contract between Plaintiff and Defendants.

**Thirteenth Affirmative Defense**

Defendants affirmatively plead that the time for performance under any contract between Plaintiff and Defendants has expired.

**Fourteenth Affirmative Defense**

Defendants affirmatively plead that if there ever existed a contract between Plaintiff and Defendants that Plaintiff breached said contract.

**Fifteenth Affirmative Defense**

Defendants affirmatively plead that the Amended Complaint is barred for failure to join an indispensable party.

**Sixteenth Affirmative Defense**

Defendants affirmatively plead that there is no privity of contract between the Plaintiff and Defendants.

The Defendants, Bradford A. Dean ("Dean") and Dean Warehousing Services, Inc. ("DWS") as Plaintiffs in Counterclaim (hereinafter collectively referred to as "Defendants") assert the following counterclaims against the Plaintiff, Crown Financial, LLC, as Defendant in Counterclaim (hereinafter referred to as the "Plaintiff"):

## ***COUNTERCLAIM***

### ***Parties***

1. Defendant, plaintiff in counterclaim, Bradford A. Dean ("Dean") is a resident of the State of Rhode Island and a former shareholder of Dean Transportation Services, Inc. ("DTS") and the current president of Dean Warehousing Services, Inc.

2. Defendant, plaintiff in counterclaim, Dean Warehousing Services, Inc. ("DWS") is a Rhode Island Corporation with its principal place of business located at 60 Industrial Drive, Cumberland, Rhode Island.

3. Plaintiff, defendant in counterclaim, Crown Financial, LLC ("Crown Financial") is a corporation organized under the laws of the State of Texas with a principal place of business located in Houston, Texas.

### ***Jurisdiction***

4. This Court has jurisdiction pursuant to 28 USC §1332 given that the matter in controversy exceeds $75,000 and is between citizens of different states.

## ***General Allegations***

5. On or about February 9, 2004, Bradford A. Dean, John S. Dean, Glenn A. Scott, Jeffrey D. King, Thomas Melucci and Richard L. Bready as shareholders (hereinafter collectively referred to as the "Shareholders") of Dean Transportation Services, Inc. ("DTS") sold one hundred (100%) percent of their shares in DTS to Patrick Crowe ("Crowe") through a Stock Purchase and Sale Agreement (the "Agreement") attached hereto as Exhibit A.

6. Through a Purchase and Lease Agreement (the "Lease Agreement") Crown Financial financed Crowe, enabling him to acquire the stock and equipment including trailers and tractors (the "Equipment") thereby leasing the Equipment back to Crowe through monthly installments of Twenty-Two Thousand Five Hundred Dollars ($22,500.00). *See* the Lease Agreement attached hereto as Exhibit B.

7. Crowe executed the Lease Agreement with Crown Financial as sole Shareholder and President of DTS to Crowe.

8. On or about February 9, 2004, upon execution of the Agreement by and between the Shareholders and Crowe, the Shareholders transferred an Equipment list containing the registration numbers and license plates of trailers and tractors owned by DTS.

9. Crowe transferred this same Equipment List to Crown Financial pursuant to the Purchase and Lease Agreement.

10. At no time prior to the execution of the Lease Agreement did Crowe or Crown Financial diligently affirm that the collateral was accounted for pursuant to the Equipment List.

11. Sometime after Crowe was operating DTS, Crown contacted Dean and inquired into storing Equipment in a "safer" location at Dean Warehousing Services, Inc. at 60 Industrial Drive instead of keeping the tractors stored outside DTS headquarters on 155 Amaral Street, East Providence, Rhode Island.

12. Dean agreed to store the tractors for Crown Financial for a storage fee.

13. Shortly thereafter, Crowe left DTS and Crown Financial entered into an agreement with Dean to purchase 121 tractors from the DTS inventory.

14. Crown Financial failed to produce twenty-two (22) tractors to Dean upon the sale and instructed Dean to repossess the twenty-two (22) tractors from different locations of DTS and area vendors.

15. As a result, Dean did not receive twenty-two (22) tractors, which were included in the contract. *See* Equipment List attached delineating the twenty-two (22) missing trailers attached hereto as Exhibit C.

***COUNT I***
***(Breach of Contract against Crown Financial as to Defendants' purchase of 121 tractors)***

16. The Defendants reallege the allegations set forth in paragraphs 1 through 15 of this Counterclaim.

17. The Agreement entered into by and between Dean and Crown Financial is a binding and valid agreement whereby Crown Financial was to deliver to the possession of Dean and DWS one hundred twenty-one (121) tractors.

18. Dean never received twenty-two (22) trailers from Crown Financial pursuant to their oral agreement.

19. Dean has made demand upon Crown Financial for reimbursement of the twenty-two (22) tractors never received or in the alternative, physical possession of the twenty-two (22) tractors pursuant to the Agreement.

**WHEREFORE,** the Defendants request that this Court (i) enter judgment in favor of the Defendants and against the Plaintiff and order the Plaintiff to perform its obligations as set forth in the Agreement; (ii) award the Defendants judgment against the Plaintiff in an amount to be determined at Trial plus its reasonable attorneys' fees and expenses incurred as a result of the Plaintiff's breach of the Agreement, and; (iii) award the Defendants any other and further relief that this Court deems just and proper.

***COUNT II***

***(Breach of Contract against Crown Financial as to storage charges at Dean Warehousing Services, Inc.)***

20. The Defendants reallege the allegations set forth in paragraphs 1 through 19 of this Counterclaim.

21. Crown Financial asked Bradford Dean, Jr. of Dean Warehousing Services, Inc. to remove the tractors from DTS location at Amaral Street and store them in a more secure location at DWS located at 60 Industrial Drive, Cumberland, Rhode Island.

22. DWS indicated there would be storage fees for the storage of the tractors and Crown Financial agreed to pay the fees for storage.

23. Crown Financial did not inspect or view the tractors before or after they left DTS and went into storage at DWS.

24. Storage fees amounted to a total of approximately Twenty Thousand ($20,000.00) dollars.

25. Upon Crown Financial's retrieval of tractors for DWS, Crown claimed two tractors were not under its ownership. Crown thereby left the tractors, which contained contaminated canisters and other materials with DWS to properly dispose of the waste.

26. The tractors were included in the inventory of Crown Financial and should have been disposed of by Crown Financial.

27. Defendants, Dean and DWS incurred damages for disposal fees and to hire employees to dispose of the waste and tractors as a result of Crown Financial's refusal to dispose of its own tractors.

28. Defendants, Dean and DWS were damaged in the amount of approximately Twenty Thousand ($20,000.00) dollars for disposal of two hazardous tractors and storage of 13 tractors pursuant to an agreement with Crown Financial.

**WHEREFORE,** the Defendants request that this Court (i) enter judgment in favor of the Defendants and against the Plaintiff and order the Plaintiff to perform its obligations as set forth in the Agreement; (ii) award the Defendants judgment against the Plaintiff in an amount to be determined at Trial plus its reasonable attorneys' fees and expenses incurred as a result of the Plaintiff's breach of the Agreement, and; (iii) award the Defendants any other and further relief that this Court deems just and proper.

***COUNT III***
***(Breach of Implied Covenant of Good Faith and Fair Dealing Against the Defendants)***

29. The Defendants reallege the allegations set forth in paragraphs 1 through 28 of this Counterclaim.

30. The acts and/or omissions of the Plaintiff, Crown Financial, constitute breaches of its covenant of good faith and fair dealing implied by law.

31. As a direct and proximate result of these breaches, the Defendants have suffered damages.

**WHEREFORE,** the Defendants demand judgment against the Plaintiff, Crown Financial for all damages provable at trial for the Plaintiff's breach of good faith and fair dealing; its illegal conduct and for costs incurred as a result of the Plaintiff's actions and inactions plus attorneys' fees, costs and expenses incurred in prosecuting this instant action.

Respectfully submitted,

**BRADFORD A. DEAN and DEAN WAREHOUSING SERVICES, INC.**

By and through their attorneys,

Michael A. Kelly, Esquire (#2116)
John O. Mancini, Esquire (#6061)
55 Pine Street, Suite 5000
Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

**Dated:** October 14, 2005

## CERTIFICATION

I hereby certify that on the 14th day of October, 2005, the within Answer and Counterclaim has been sent via first-class mail, postage prepaid, to the following:

Robert D. Fine, Esquire
Douglas J. Emanuel, Esquire
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Richard J. Welch, Esquire
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903

Scott J. Partington, Esquire
Bigos & Partington, Ltd.
2176 Mendon Road, Suite 200
Cumberland, RI 02864

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Edward L. Gerstein, Esquire
29 Meeting House Lane
Little Compton, RI 02837