UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CROWN FINANCIAL, LLC<br><br>Plaintiff,<br><br>v.<br><br>BRADFORD A. DEAN, JOHN S. DEAN, GLENN A. SCOTT, JEFFREY D. KING, THOMAS BREADY, RICHARD L. BREADY and DEAN WAREHOUSING SERVICES, INC.<br><br>Defendants. | : | C.A. NO.: 05-293T |

## ANSWER TO AMENDED COMPLAINT

Defendant, Richard L. Bready ("Bready"), hereby responds to Plaintiff's Amended Complaint as follows:

## PARTIES

1. Bready is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint and, therefore, denies the same.

2. Bready admits that he is a resident of the state of Rhode Island and that he is a former shareholder of Dean Transportation Services, Inc. ("DTS"). The remaining allegations contained in paragraph 2 of the Amended Complaint are not directed to Bready and, therefore, no responsive pleading is required. To the extent a responsive pleading is required, the remaining allegations are denied.

## JURISDICTION

3. Paragraph 3 of the Amended Complaint contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations are denied.

## CAUSES OF ACTION

### COUNT I

4. Bready admits that on or about February 9, 2004, he sold his shares in DTS to Patrick Crowe, but is otherwise without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and, therefore, denies the same.

5. Denied.

6. Bready is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies the same.

7. Denied.

### COUNT II

8. Bready repeats and realleges his responses to paragraphs 1-7 of the Amended Complaint as if fully set forth herein.

9. The allegations contained in paragraph 9 of the Amended Complaint are not directed to Bready and, therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 9 are denied.

### COUNT III

10. Bready repeats and realleges his responses to paragraphs 1-9 of the Amended Complaint as if set forth fully herein.

11. The allegations in paragraph 11 of the Amended Complaint are not directed to Bready and, therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 11 are denied.

### COUNT IV

12. Bready repeats and realleges his responses to paragraphs 1-11 of the Amended Complaint as if set forth fully herein.

13. The allegations in paragraph 13 of the Amended Complaint are not directed to Bready and, therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 13 are denied.

14. The allegations in paragraph 14 of the Amended Complaint are not directed to Bready and, therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 14 are denied.

15. The allegations in paragraph 15 of the Amended Complaint are not directed to Bready and, therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 15 are denied.

16. The allegations in paragraph 16 of the Amended Complaint are not directed to Bready and, therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 16 are denied.

Bready denies that Plaintiff is entitled to the relief requested in the WHEREFORE CLAUSE that follows paragraph 16 of its Amended Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff failed to join an indispensable party.

### THIRD DEFENSE

Plaintiff failed to join necessary and proper parties.

### FOURTH DEFENSE

The court lacks subject matter jurisdiction to adjudicate this dispute as the amount in controversy does not exceed $75,000.

**FIFTH DEFENSE**

Defendant Bready lacks privity of contract with Plaintiff.

**SIXTH DEFENSE**

The Plaintiff is estopped from asserting any claim against Bready by virtue of its own conduct.

**SEVENTH DEFENSE**

If the Plaintiff has suffered any harm by virtue of the complained of transactions referenced in the Amended Complaint, it assumed the risk of, and suffered, such harm, if any, by virtue of its own conduct.

**EIGHTH DEFENSE**

The allegations contained in the Amended Complaint as to Bready are barred by the statute of frauds.

WHEREFORE, defendant, Richard L. Bready, hereby requests that a judgment enter in his favor that dismisses the first Amended Complaint and that he be awarded his costs, attorneys fees and other relief that this court deems just and proper.

Richard L. Bready,
By his attorney,

Edward L. Gerstein, Esq. (#2270)
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

Dated: October 17, 2005

**CERTIFICATE OF SERVICE**

TO:

Robert D. Fine, Esq.
Douglas J. Emanuel, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Craig S. Scott, Esq.
Duffy, Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903

Timothy J. Robenhymer, Esq.
376 Broadway
Providence, RI 02909

Michael A. Kelly, Esq.
John O. Mancini, Esq.
55 Pine Street, Suite 5000
Providence, RI 02903

Richard J. Welch, Esq.
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903

Scott J. Partington, Esq.
Bigos & Partington, Ltd.
2176 Mendon Road, Suite 2000
Cumberland, RI 02864

I hereby certify that on this 17 day of October, 2005, I caused to be sent via First Class Mail a copy of the within *Answer to Amended Complaint* to the above-named counsel of record.

[signature]