**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CROWN FINANCIAL, LLC | : | |
| | : | |
| -V- | : | Civil Action No. 2005-293-T |
| | : | |
| BRADFORD A. DEAN, JOHN S. DEAN, GLENN A. SCOTT, JEFFREY D. KING, THOMAS MELUCCI, RICHARD L. BREADY and DEAN WAREHOUSING SERVICES, INC. | : | |

**REPLY OF CROWN FINANCIAL, LLC**
**TO COUNTERCLAIM OF DEFENDANTS**
**BRADFORD A. DEAN AND DEAN WAREHOUSING SERVICES, INC.**

1. Plaintiff admits the allegations contained in Paragraph 1 of defendants' counterclaim based in part upon the records of the Office of the Rhode Island Secretary of State.

2. Admitted, based upon the records of the Office of the Rhode Island Secretary of State.

3. Admitted.

4. Admitted.

5. Admitted, except that Exhibit A served on plaintiff is not a Stock Purchase Agreement. Exhibit B appears to be the Stock Purchase Agreement referred to by defendants.

6. Admitted, except that it appears that the version of the Purchase and Lease Agreement is attached as Exhibit A.

7. Denied. Defendants are put to prove the truth thereof.

8. Denied.

9. Denied.

10. Denied and further denied that plaintiff had the obligation to mistrust defendants or escrow agent for defendants.

11. Denied.

12. Admitted that Dean agreed to store tractors for Crown. The remaining allegations are denied.

13. Admitted that Crown Financial sold equipment to Dean Warehousing Services, Inc. The other allegations are denied and defendants are put to prove the truth thereof.

14. Denied.

15. Denied.

16. Plaintiff repeats its responses to paragraphs 1 through 15 of counterclaim as if the responses had been set forth herein in full.

17. Denied.

18. Denied.

19. Denied.

20. Plaintiff repeats its responses to paragraphs 1 through 19 of counterclaim as if the responses had been set forth herein in full.

21. Denied.

22. Admitted that Crown Financial paid reasonable storage fees for storage of tractors.

23. Denied.

24. Denied.

25. Admitted that Dean Warehousing Services had contaminated material in at least one trailer belonging to Dean Warehousing Services. The remaining allegations are denied.

26. Denied.

27. Denied.

28. Denied.

29. Plaintiff repeats its responses to paragraphs 1 through 28 of counterclaim as if the responses had been set forth herein in full.

30. Denied.

31. Denied.

**Affirmative Defenses**

First Affirmative Defense

Plaintiff replies by stating that the counterclaim fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Plaintiff asserts the affirmative defenses of waiver, estoppel and laches.

Third Affirmative Defense

Plaintiff asserts as an affirmative defense the equitable doctrine of unclean hands.

Fourth Affirmative Defense

Plaintiff asserts as an affirmative defense the previously filed complaint.

WHEREFORE, plaintiff prays that defendants' counterclaim be denied and dismissed and that plaintiff be awarded its fees.

CROWN FINANCIAL, LLC

By its attorneys,

Robert D. Fine, Esq. (#2447)
Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

## CERTIFICATION

I hereby certify that on the 9th day of November, 2005, I forwarded a copy of the within Reply to Counterclaim by United States mail, postage prepaid, to:

Richard J. Welch, Esq.
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, Rhode Island 02903

Scott J. Partington, Esq.
Bigos & Partington, Ltd.
2176 Mendon Road, Suite 200
Cumberland, RI 02864

Craig M. Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Edward L. Gerstein, Esq.
29 Meeting House Lane
Little Compton, RI 02837

Michael A. Kelly, Esq.
55 Pine Street
Providence, RI 02903

Timothy Robenhymer, Esq.
376 Broadway
Providence, RI 02909