**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CROWN FINANCIAL, LLC**<br>*Plaintiff,*<br><br>**vs.**<br><br>**BRADFORD A. DEAN, JOHN S. DEAN, GLENN A. SCOTT, JEFFREY D. KING, THOMAS MELUCCI, RICHARD L. BREADY and DEAN WAREHOUSING SERVICES, INC.**<br>*Defendants.* | : | **C.A. NO.: 2005-293-T** |

**DEFENDANT BRADFORD A. DEAN'S MOTION TO JOIN A PARTY NEEDED FOR JUST ADJUDICATION PURSUANT TO RULE AND RULE 19**

**NOW COMES**, the Defendants, Bradford A. Dean (hereinafter the "Defendant"), and hereby move this Honorable Court to compel the Plaintiff to join Patrick Crowe as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure as the Plaintiff has failed to join an indispensable party.

As grounds therefore, the Defendant asserts that the Plaintiff has failed to join, Patrick Crowe, a party needed for just adjudication and without whom any proceeding would be inequitable and prejudicial to the Defendant. On information and belief, Patrick Crowe is a resident and citizen of Fairfield, Connecticut, is subject to the jurisdiction of this court as to both service of process and venue and can be made a party without depriving this Court of jurisdiction. Accordingly, the Plaintiff requests that this Honorable Court compel the Plaintiff to join a necessary party, *to wit*, Patrick Crowe, President of Dean Transportation Services, Inc. as a defendant in this action. In the

alternative, the Defendant requests that this Honorable Court dismiss the Plaintiff's complaint if joinder of Patrick Crowe is not feasible.

In support hereof, the Defendant submits the accompanying memorandum of law.

Respectfully submitted,

**BRADFORD A. DEAN and**
**DEAN WAREHOUSING SERVICES, INC.**

By and through their attorneys,

Michael A. Kelly, Esquire (#2116)
John O. Mancini, Esquire (#6061)
55 Pine Street, Suite 5000
Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

**Dated:** February 21st, 2006

**CERTIFICATION**

I hereby certify that on the 21st day of February, 2006, the within Motion to Join a Party Needed for Just Adjudication has been sent via first-class mail, postage prepaid, to the following:

Robert D. Fine, Esquire
Douglas J. Emanuel, Esquire
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Richard J. Welch, Esquire
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903

Scott J. Partington, Esquire

Bigos & Partington, Ltd.
2176 Mendon Road, Suite 200
Cumberland, RI 02864

Timothy Robenhymer, Esq.
376 Broadway
Providence, RI 02909

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Edward L. Gerstein, Esquire
29 Meeting House Lane
Little Compton, RI 02837

Judith A. Saltzman [signature]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CROWN FINANCIAL, LLC** *Plaintiff,* | : | |
| **vs.** | : | **C.A. NO.: 2005-293-T** |
| **BRADFORD A. DEAN, JOHN S. DEAN, GLENN A. SCOTT, JEFFREY D. KING, THOMAS MELUCCI, RICHARD L. BREADY and DEAN WAREHOUSING SERVICES, INC.** *Defendants.* | : | |

**DEFENDANT BRADFORD A. DEAN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO JOIN A PARTY NEEDED FOR JUST ADJUDICATION PURSUANT TO RULE 19**

The Plaintiff has failed to join a party needed for just adjudication and without whom any proceeding would be inequitable and prejudicial to the Defendant, Bradford A. Dean (hereinafter "Dean"). Consequently, the Dean requests that this Honorable Court compel the Plaintiff to join as a defendant a necessary party, *to wit*, Patrick Crowe, President of Dean Transportation Services, Inc. (hereinafter "Crowe"). In the alternative, the Defendant requests that this Honorable Court dismiss the Plaintiff's complaint if joinder of Crowe is not feasible.

**Factual Allegations**

The Plaintiff, Crown Financial, LLC, is a financing company that financed Crowe's purchase of One Hundred Percent (100%) of the shares in Dean Transportation Services, Inc. (hereinafter "DTS") from Dean, along with the other individual defendants in this action (hereinafter collectively the "Former Shareholders"), on February 9, 2004. (Compl. ¶ 2, 4.) The Plaintiff entered into a purchase and lease agreement and an

equipment lease agreement also dated February 9, 2004 with Crowe. (Compl. ¶ 5.) The Complaint alleges that Dean and the other Former Shareholders were obligated to transfer title and possession of DTS assets to the Plaintiff. *Id.* The Plaintiff asserts that it became the owner of certain trailers on February 9, 2004, and that Dean and the other Former Shareholders unlawfully retained the trailers and converted them for their own use. (Compl. ¶ 6.) The Plaintiff's Complaint also alleges that Dean used the Plaintiff's trucks and trailers without the permission of Crowe or the Plaintiff, replaced parts on the trailers with inferior parts, and otherwise improperly used and converted Plaintiff's property. (Compl. ¶ 11.) Lastly, the Complaint alleges that Dean and Defendant Dean Warehousing Services, Inc. (hereinafter DWS) took possession of and used certain trailers owned by the Plaintiff and refused to relinquish possession of the trailers without payment by the Plaintiff of "exorbitant and unreasonable" storage charges. (Compl. ¶ 13)

Dean and DWS, answered Plaintiff's Complaint and pleaded affirmative defenses including, among others, that there has never been any contract whatsoever between Dean, DWS and the Plaintiff and that Plaintiff's Complaint was bared for failure to join an indispensable party pursuant to Federal Rule of Civil Procedure Rule 12(b)(7). (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Twelfth and Fifteenth Affirm Defenses.) Dean and DWS also asserted compulsory counterclaims against the Plaintiff. Dean and the Former Shareholders sold One Hundred Percent (100%) of shares in DTS to Patrick Crowe pursuant to a stock purchase agreement. (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Countercl. ¶ 5.) Upon execution of the stock purchase agreement, the Dean and the Former Shareholders transferred title to the equipment on a list containing

the registration numbers and license plates of tractors and trailers owned by DTS. (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Countercl. ¶ 8.) A purchase and lease agreement was subsequently executed between the Plaintiff Crown Financial, LLC, and Crowe as sole shareholder of DTS. (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Countercl. ¶ 6, 4) Pursuant to this purchase and lease agreement between the Plaintiff and Crowe as president of DTS, Crowe transferred the same equipment list to the Plaintiff. (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Countercl. ¶ 9.) Neither Patrick Crowe nor the Plaintiff affirmed in any way that the tractors and trailers on the equipment list accounted for prior to the execution of the purchase and lease agreement. (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Countercl. ¶ 10.) The Plaintiff subsequently contacted Dean and arranged to store some of the equipment at DWS for a fee. (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Countercl. ¶ 11, 12.) The Plaintiff then entered into an agreement with Dean to sell one hundred twenty-one (121) tractors from the DTS inventory to Dean. (Answer and Countercl. of Defs. Bradford A. Dean and Dean Warehousing Services, Inc. Countercl. ¶ 13.) The Plaintiff failed to deliver possession of twenty-two (22) tractors which were included in the contract. Consequently, Dean and DWS asserted counterclaims against the Plaintiff for breach of contract as to the purchase of the tractors, breach of contract as to the storage charges, and breach of the implied covenant of good faith and fair dealing.

**Standard of Review**

Rule 19 of the Federal Rules of Civil Procedure governs the joinder to a suit of parties needed for its just adjudication. FED. CIV. R. P. 19; *Acton Co., Inc. v. Bachman Foods, Inc.*, 668 F.2d 76 (1st Cir. 1982). This Rule furthers several policies including the public interest in preventing multiple and repetitive litigation and the interest of the present parties in obtaining complete relief in a single action. *Id.* A finding of indispensability pursuant to Rule 19 is based on pragmatic considerations. *Pujol v. Shearson/American Express, Inc.*, 877 F. 2d 132 (1st Cir. 1989)(quoting *Provident Tradesmens Bank v. Patterson*, 309 U.S. 102, 106-07 (1968)). The basic objective underlying all claim and party joinder rules in rendering complete justice with as little litigation as possible. *Pujol*, 877 F. 2d 132 (1st Cir. 1989)(quoting Friedenthal, Kane & Miller, *Civil Procedure* 336 (1985)). Accordingly, when applying Rule 19(a), a court will decide whether considerations of efficiency and fairness require that a person be joined as a party. *Pujol*, 877 F. 2d at 135.

The first step in conducting a Rule 19 analysis is a determination by the court pursuant to Rule 19(a) whether the party should be joined if feasible. *Pujol*, 877 F. 2d at 134. Under Rule 19(a)(1), if complete relief cannot be accorded among those already parties, the missing party is a necessary party. *See Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155-1156 (9th Cir. 2002); *EEOC v. United Ass'n of Journeymen & Apprentices*, 235 F.3d 244, 253-254 (6th Cir. 2000). Under Rule 19(a)(2), if the absent party has an interest in the subject matter of the action that could be impaired or impeded, or leave any of the persons already parties subject to inconsistent obligations, then the missing party is a necessary party. *See Glancy v.*

*Taubman Ctrs., Inc.*, 373 F.3d 656, 671 (6th Cir. 2004). After the court determines that the absent party is necessary, the court must then determine if joinder is feasible pursuant to Rule 19(a). FED. CIV. R. P. 19(a). Joinder of an absent party is feasible if the person to be joined is subject to service of process and their joinder will not deprive the court of subject matter jurisdiction. *Id.*

If joinder of a necessary party is not feasible, then the court must determine if "in equity and good conscience" the action may proceed to judgment in the party's absence. FED. CIV. R. P. 19(b). If the action cannot proceed to judgement without the absent party, then the party is deemed indispensable and the action must be dismissed pursuant to Rule 19(b). *See Dawavendewa*, 276 F.3d at 1161-1163. Rule 19(b) state four factors to be considered in deciding whether the action should be dismissed: (i) the prejudicial effect of judgment on those already parties; (ii) the courts ability to fashion relief to minimize or avoid prejudice to those already parties; (iii) whether a judgment rendered in the persons absence will be adequate; and (iv) the availability of another remedy or forum to the plaintiff. FED. CIV. R. P. 19(b). These factors must be considered in the lights of "equity and good conscience" and no single factor is dispositive. *See Davis v. United States*, 434 F.3d 1282, 1289-1294 (10th Cir. 2003).

## Argument

### *A. Patrick Crowe is a necessary party to the instant action because complete relief cannot be accorded in his absence and his absence leaves the persons already parties subject to inconsistent obligations.*

Plaintiff's complaint alleges that Dean failed to transfer title and possession of certain equipment and converted it for his own use. Dean, however, is a former shareholder of Dean Transportation Services, Inc. The Plaintiff entered into valid and

binding contracts with Patrick Crowe, not Dean or DTS. Accordingly, any obligations which exist pursuant to contracts executed with the Plaintiff are Crowe's obligations. On or about February 9, 2004, Crowe purchased one hundred (100%) percent of the shares in DTS from Dean and the Former Shareholders through a Stock Purchase and Sale Agreement (the "Stock Purchase Agreement") attached hereto as Exhibit A. Also on February 9, 2004, Crowe, in his capacity as president of DTS, executed a Bill of Sale (attached hereto as Exhibit B) conveying to the Plaintiff all right title and interest in certain equipment listed on attachments thereto. At the time the Plaintiff's complaint was filed, Crowe possessed a leasehold interest in the subject matter of this action pursuant to the Purchase and Lease Agreement (the "Lease Agreement") that Crowe executed with the Plaintiff. Exhibit C, attached hereto a copy of the Lease Agreement.

The Plaintiff's complaint alleges that Dean and the Former Shareholders failed to deliver possession of certain tractors and/or trailers to the Plaintiff contemporaneously with the sale of DTS stock to Crowe. Rather, the exhibits attached hereto suggest an entirely different allocation of responsibility. Dean and the Former Shareholders transferred all of the stock in DTS to Patrick Crowe, thereby vesting in Crowe ownership of all assets of DTS. *See* Exhibit A. Crowe had both the opportunity and obligation pursuant to the stock purchase agreement to diligently inspect and examine the inventory of assets prior to purchasing the stock of DTS. Crowe subsequently executed a Bill of Sale transferring all of Crowe's right, title and interest in the same tractors and/or trailers to the Plaintiff that the Plaintiff alleges Dean wrongfully retained and/or converted for his own use. *See* Exhibit B.

The Plaintiff lacks privity of contract with Dean and the other defendants because all executed contracts are with Crowe individually or as president of DTS. Contractual privity only exists among and between the bargaining parties to an agreement. *See Lombardi v. California Packing Sales Co.,* 112 A.2d 701, 702-703 (R.I. 1955). Non-bargaining parties have no right of recovery on a contract. *Id.* The general rule in Rhode Island is that only intended third party beneficiaries can bring an action for damages resulting from a breach of a contract between two other contracting parties. *See Davis v. New England Pest Control Co.,* 576 A.2d 1240, 1242 (R.I.1990); *Finch v. Rhode Island Grocers Association,* 175 A.2d 177, 184 (1961). The intent of contracting parties to benefit a third party must be clearly expressed in the contract because parties are presumed to contact only to benefit themselves. *See Davis v. New England Pest Control,* 576 A.2d 1240, 1241 (R.I. 1990). An incidental beneficiary is one that is not intended by the parties. *Forcier v. Cardello,* 173 B.R. 973, 985 (D.R.I. 1994).

In the case at bar, the Plaintiff is clearly not a contracting party or an intended third-party beneficiary anymore than a mortgagee is an intended third-party beneficiary of the contract between a seller and a buyer. At best, Plaintiff is an incidental beneficiary to the Stock Purchase Agreement between Crowe and the Former Shareholders. The Plaintiff financed Crowe, enabling him to acquire the stock and equipment including trailers and tractors. Crowe then transferred the equipment to the Plaintiff which subsequently leased the equipment back to Crowe through monthly installments of Twenty-Two Thousand Five Hundred Dollars ($22,500.00). *See* the Lease Agreement attached hereto as Exhibit B. Crowe executed the Lease Agreement with Crown Financial as sole Shareholder and President of DTS. Nonetheless, the Plaintiff alleges

that Dean failed to transfer title and possession of equipment to the Plaintiff and converted Plaintiff's property for his own use. The Plaintiff, however, lacks privity of contract with Dean. Accordingly, if the Dean is found liable to the Plaintiff, then Crowe is liable to the Defendant.

Crowe is inextricably intertwined with the transaction that is the basis of this action. The Plaintiff financed Crowe's purchase of stock and equipment including the trailers and tractors that the Plaintiff alleges were converted Dean and the other defendants. The Plaintiff's claims are properly asserted against Crowe and not the presently named defendants. Accordingly, any proceeding without Crowe is fundamentally unjust and inequitable and will likely lead to duplicitous litigation as Crowe may ultimately be liable to the Plaintiff and also to Dean and the other defendants for indemnification and contribution. Such a result frustrates the purpose for Rule 19 and is in contravention of the rule's pragmatic underpinnings.

Crowe, therefore, has an interest relating to the subject matter of this action and his absence will impair his ability to protect this interest and/or subject the defendants in this action to a substantial risk of incurring inconsistent obligations. In the mean time, proceeding with the instant action without Crowe subjects and exposes Dean and the other defendants to potential judgments which are inconsistent with their liability in this action. Moreover, if Crowe is not joined to this action, complete relief cannot be accorded to the parties already present in the action because of claims against Crowe for indemnity and contribution that will follow any determination of liability of Dean and the other defendants.

***B. Joiner of Patrick Crowe is feasible as he is subject to service of process and his joinder will not deprive the court of subject matter jurisdiction.***

The Plaintiff filed its Complaint in the case at bar on the basis of the jurisdictional requirements of 28 USC § 1332 alleging that the matter in controversy exceeds the jurisdictional limit of $75,000 and that the parties are citizens of different states. (Compl. ¶ 3.) The Plaintiff is a corporation organized under the laws of the State of Texas having its principal place of business in Houston, Texas. (Compl. ¶ 1.) The individual defendants are, on information and belief, residents of the State of Rhode Island. (Compl. ¶ 4.) On information and belief, Patrick Crowe is a resident and citizen of Fairfield, Connecticut, having a usual place of business at 649 Fairfield Beach Road, Fairfield, Connecticut. As such, Crowe is subject to the jurisdiction of this court as to both service of process and venue as the transactions forming the basis of this action occurred in Rhode Island. Therefore, Crowe can be made a party without depriving this Court of jurisdiction.

Accordingly, the Plaintiff requests that this Honorable Court order the Plaintiff to join a necessary party, *to wit*, Patrick Crowe, individually and as president of Dean Transportation Services, Inc. as a defendant in this action. In the alternative, the Defendant requests that this Honorable Court dismiss the Plaintiff's complaint if this Court determines that joinder of Patrick Crowe is not feasible.

***[Remainder of Page Intentionally Blank]***

Respectfully submitted,

**BRADFORD A. DEAN and DEAN WAREHOUSING SERVICES, INC.**

By and through their attorneys,

Michael A. Kelly, Esquire (#2116)
John O. Mancini, Esquire (#6061)
55 Pine Street, Suite 5000
Providence, RI 02903
Tel#: (401) 490-7334
Fax#: (401) 490-7874

**Dated:** February 21, 2006

**CERTIFICATION**

I hereby certify that on the 21st day of February, 2006, the within Memorandum of Law in Support of Defendant's Motion to Join a Party Needed for Just Adjudication has been sent via first-class mail, postage prepaid, to the following:

Robert D. Fine, Esquire
Douglas J. Emanuel, Esquire
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Richard J. Welch, Esquire
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903

Scott J. Partington, Esquire
Bigos & Partington, Ltd.
2176 Mendon Road, Suite 200
Cumberland, RI 02864

Timothy Robenhymer, Esq.
376 Broadway
Providence, RI 02909

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Edward L. Gerstein, Esquire
29 Meeting House Lane
Little Compton, RI 02837

/s/ Judith A. Gatemiel [signature]