FILED
MAR 07 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
MAR 06 2006
Property of U.S. District Court
District of Rhode Island

*UNITED STATES DISTRICT COURT*
*DISTRICT OF RHODE ISLAND*

| | | |
|---|---|---|
| CROWN FINANCIAL, LLC<br><br>-V-<br><br>BRADFORD A. DEAN, JOHN S. DEAN, GLENN A. SCOTT, JEFFREY D. KING, THOMAS MELUCCI, RICHARD L. BREADY and DEAN WAREHOUSING SERVICES, INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 05-293-T |

***OBJECTION TO MOTION TO JOIN A PARTY NEEDED FOR JUST ADJUDICATION FILED BY BRADFORD DEAN AND DEAN WAREHOUSING SERVICES, INC.***

Crown Financial, LLC, the plaintiff in this case, hereby objects to the Motion to Join A Party Needed for Just Adjudication filed by defendants Bradford A. Dean and Dean Warehousing Company.

In support of this objection, Crown Financial relies on the accompanying memorandum.

Wherefore, plaintiff prays that defendants' motion be denied.

CROWN FINANCIAL, LLC
By its attorneys,

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: rfine@crfllp.com

Dated: March 2, 2006

***CERTIFICATION***

I hereby certify that on the 2nd day of March, 2006, I forwarded a copy of the within Plaintiff's Objection and Memorandum in Opposition to Motion to Join a Party by United States mail, postage prepaid, to:

Richard J. Welch, Esq.
Moses Afonso Jackvony, Ltd.
170 Westminster Street, Suite 201
Providence, RI 02903

Scott J. Partington, Esq.
Bigos & Partington, Ltd.
2176 Mendon Road, Suite 200
Cumberland, RI 02864

Craig M. Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Edward L. Gerstein, Esq.
29 Meeting House Lane
Little Compton, RI 02837

Michael A. Kelly, Esq.
55 Pine Street
Providence, RI 02903

Timothy Robenhymer, Esq.
303 Jefferson Blvd., 2nd Floor
Warwick, RI 02888

[signature]

RECEIVED

MAR 06 2006

Property of U.S. District Court
District of Rhode Island

*UNITED STATES DISTRICT COURT*
*DISTRICT OF RHODE ISLAND*

CROWN FINANCIAL, LLC :
:
-V- : Civil Action No. 05-293-T
:
BRADFORD A. DEAN, JOHN S. DEAN, :
GLENN A. SCOTT, JEFFREY D. KING, :
THOMAS MELUCCI, RICHARD L. BREADY :
and DEAN WAREHOUSING SERVICES, INC. :

## *MEMORANDUM IN OPPOSITION TO MOTION TO JOIN A PARTY NEEDED FOR JUST ADJUDICATION FILED BY BRADFORD DEAN AND DEAN WAREHOUSING SERVICES, INC.*

Defendant Bradford A. Dean[1] has moved this Court for an order requiring Patrick Crowe to be joined as a party pursuant to Fed. R. Civ. P. 19, alleging that Mr. Crowe is a party necessary for just adjudication (the "Motion").

Crown Financial, LLC, the plaintiff in this case, sees no justification for compelling it to sue Crowe as a defendant, and respectfully opposes the Motion.

## *I. Facts*

The facts, which can be found elsewhere in much more detail, are somewhat simple. Crown Financial financed the purchase by Crowe of the stock in Dean Transportation Services, Inc. That stock had been held by the individual defendants.

Simultaneous with acquiring the stock, Crowe transferred title to assets of Dean Transportation Services, Inc., to Crown Financial, which then leased those assets back to Crowe. Crown Financial's acquisition cost went directly to the former shareholders, not to Crowe.

[1] The signature block on the Motion and its supporting memorandum state that the Motion has been filed on behalf of Bradford Dean and Dean Warehousing Services, Inc. The text of both documents, however, refers only to Bradford Dean individually. Regardless of the moving party's (or parties') true identity, the movant is referred to herein simply as "Dean."

However, the (now) former stockholders of Dean Transportation Services never delivered title to some of the trucks belonging to the company, and, in fact, are alleged to have converted those trucks to their own individual use – even using them to compete with Dean Transportation Services, Inc. after it was purchased by Crowe.

Crown Financial, owner of the converted trucks, sued the individual defendants for failing to turn them over and for conversion.

## *II. Argument*

### *A. Dean has misread the guidelines under Rule 19.*

Dean suggests that simply because it may be subject to "duplicitous" litigation,[2] its Motion to compel Crown to add Crowe as a defendant should be granted. This request is based upon a strangled reading of Rule 19, and the request should be refused by the Court.

Rule 19 allows for joinder of parties needed for just adjudication in two circumstances:

> (a) if, in the person's absence, complete relief cannot be accorded among those already parties to the proceeding;
>
> or
>
> (b) the person claims an interest in the proceedings and is so situated that the disposition of the action in the person's absence may impair his own ability to protect that interest or leave an existing party open to double, multiple or inconsistent liabilities.

Crowe has certainly not come to this Court seeking to be added as a party needed for just adjudication. Thus, adding him pursuant to Rule 19(b) is not before the Court. Therefore, the only standard governing Dean's Motion is whether, in Crowe's absence, complete relief can be accorded among those already parties to this litigation.

The answer is a resounding "yes."

[2] Crown Financial resents the implication in Dean's use of the phrase "duplicitous litigation"; rather, it hopes that Dean intended to use either "duplicate" or "multiple" litigation.

Crown Financial's complaint seeks monetary damages from the defendants as a result of their use (or misuse) of equipment owned by Crown Financial. Crown seeks monetary relief from the various defendants, including Dean. Crowe's absence from the litigation does not prevent that relief from being accorded.

Likewise, Dean's counterclaim seeks monetary damages from Crown Financial, or the return of 22 trucks. If Dean's counterclaim is successful, Crowe is not needed to afford Dean any relief, as any such directive to Crown Financial will be the responsibility of Crown Financial.

The simple fact that Crown Financial owned the trucks and other equipment and Crowe leased them from Crown Financial does not require the presence of both in this litigation. The critical inquiries are "who has suffered the damages," and "who is responsible for them"? *See Kmart Corp. v. Rivera-Alejandro Architects and Engineers*, 174 F.R.D. 242, 244 (D.P.R. 1997) (declining to consider owner a party needed for just adjudication in suit brought by lessee).

***B. Dean's arguments are self-defeating.***

Immediately after trying to educate this Court on the state of the law of third-party beneficiaries, and why it is that Crown Financial has no contract rights to assert (which argument is wholly irrelevant to the Motion), Dean turns around and acknowledges that Crowe transferred the title to the equipment in question to Crown Financial. *Dean's Memorandum,* at 7.

Moreover, Dean proffers that Dean cannot be liable in conversion to Crown Financial because Crown Financial lacks privity of contract with Dean. In addition to being wrong, it is a complete non-sequitur, and misplaced in an argument to compel Crown Financial to join Crowe as a defendant.

Further, Dean bases his request to compel Crown Financial to join Crowe as a defendant on the theory that "[Crown Financial's] claims are properly asserted against Crowe and not the

presently named defendants." *Dean's Memorandum,* at 8. Although Crown Financial appreciates the unsolicited legal advice, it is fully aware of its rights to pursue Crowe, and even more fully aware of who the parties in the wrong truly are.

***C. Rule 19 is not applicable simply to join a claim for indemnity or contribution.***

Dean also suggests that Rule 19 can be invoked because perhaps either Crown Financial or Dean will look to Crowe in indemnity and/or contribution.[3]

Although Crown Financial appreciates Dean's input, it feels that Crown Financial itself is in the best position to determine how Crown Financial wishes to proceed with regards to Crowe.

If Dean, however, intends to seek indemnification or contribution from Crowe, compelling Crown Financial to sue Crowe is irrelevant to Dean's rights to accomplishing that goal.

CROWN FINANCIAL, LLC
By its attorneys,

[signature]

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: rfine@crfllp.com

Dated: March 2, 2006

[3] Notably, Dean has not asserted any claim against Crowe other than indemnity and/or contribution.